[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11307
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 05, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A97-629-487
A97-629-488

JORGE ELIAS AVILA-REYES,
FLOR MARIA ANZOLA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 5, 2009)**

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Jorge Elias Avila-Reyes,[1] a native of Colombia and citizen of both Colombia and Venezuela, through counsel, seeks review of the Board of Immigration Appeals' (BIA's) decision affirming the Immigration Judge's (IJ's) denial of his application for asylum from both Colombia and Venezuela, and withholding of removal, 8 U.S.C. §§ 1158 and 1231(b)(3).

Avila-Reyes asserts the IJ erred in denying his application for asylum and withholding of removal because he showed a well-founded fear of persecution on account of his political opinion through his testimony that the Bolivarian Circles threatened and attacked him for supporting the Democratic Action Party, which opposed Venezuela's President Chavez. He contends that his fear of future persecution is reasonable based on an imputed political opinion that the Bolivarian Circles possess, believing he opposes Chavez. Further, he asserts the IJ applied a heightened standard in reviewing his application, thus violating *INS v. Cardoza-Fonseca*, 107 S. Ct. 1207 (1987).

---

[1] Because Avila-Reyes listed his wife, Flor Maria Anzola, as a derivative applicant, and the facts supporting her claim to asylum are the same as his, this opinion refers to only Avila-Reyes with respect to the asylum claim. *See* 8 U.S.C. § 1158(b)(3)(A); *see also Delgado v. United States Att'y Gen.*, 487 F.3d 855, 862 (11th Cir. 2007) (holding that, unlike the asylum statute, the withholding of removal statute does not create derivative rights for the spouse of a petitioner).

I.

"When an appellant fails to offer argument on an issue, that issue is abandoned." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). A passing reference to an issue in a brief is insufficient to properly raise that issue. *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

Although Avila-Reyes mentions in his "statement of the case" that he lived in Colombia, and he generally argues the IJ erred in finding that he was not eligible for asylum, he does not explain how he suffered past persecution or has a well-founded fear of persecution in Colombia. Furthermore, Avila-Reyes does not sufficiently challenge the BIA's and IJ's denial of relief under the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c), because he mentions it in passing in his brief, but does not offer an argument on the issue. By not raising this issue in his initial brief, he has abandoned any argument that the BIA erred by denying the request for asylum from Colombia or CAT relief. *See Sepulveda*, 401 F.3d at 1228 n.2.

II.

We review only the BIA's decision when the BIA issues a separate decision, "except to the extent that [the BIA] expressly adopts the IJ's opinion." *Reyes-*

3

*Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004) (quotations omitted). "Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). In this case, the BIA wrote a separate decision and adopted the IJ's opinion. Therefore, we review both decisions. *See id.*

We review legal conclusions *de novo*, and factual findings under the substantial evidence test. *Forgue v. United States Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (factual determinations); *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247 (11th Cir. 2001) (legal conclusions). Under the substantial evidence test, we should "affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue*, 401 F.3d at 1286 (quotations and alteration omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." *Mazariegos v. United States Att'y Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001) (quotations omitted). To reverse factual findings, "we must find that the record not only supports reversal, but compels it." *Mendoza v. United States Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien who arrives in, or is present in, the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of Homeland

Security has discretion to grant asylum if the alien meets the INA's definition of a "refugee." *Id.* § 1158(b)(1). A "refugee" is defined in the INA as

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

*Id.* § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. *Al Najjar*, 257 F.3d at 1284.

To establish asylum eligibility based on political opinion or any other protected ground, the alien must, with specific credible evidence, establish (1) past persecution on account of a political opinion or any other protected ground, or (2) a "well-founded fear" that the statutorily listed factor will cause such persecution. 8 C.F.R. § 208.13(b). "The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." *Id.* § 208.13(a).

Past persecution is established when the applicant shows that (1) he was persecuted, and (2) that the persecution was on account of a protected ground. *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006). We recognize that "'persecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and that '[m]ere harassment does not amount to persecution.'" *Sepulveda*, 401 F.3d at 1231 (citation omitted). We

5

have held menacing telephone calls and threats to the alien and family members do not rise to the level of past persecution that would compel reversal of an IJ's decision. *Id.* Further, even though an attack may permit the conclusion that it was directed on account of the alien's political activity, if the evidence does not compel such a conclusion, then we will not reverse the IJ's decision. *Id.*

An alien who has not shown past persecution may still be entitled to asylum or withholding of removal if he can demonstrate a future threat in his country to his life or freedom on a protected ground in his country. 8 C.F.R. § 208.13(b)(2). To establish a well-founded fear, an applicant must demonstrate that his fear of future persecution is "subjectively genuine and objectively reasonable." *Silva*, 448 F.3d at 1236. "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution." *Al Najjar*, 257 F.3d at 1289. "[T]he objective prong can be fulfilled either by establishing past persecution or that he or she has a 'good reason to fear future persecution.'" *Id.* (citation omitted).

The Supreme Court, in *Cardoza-Fonseca*, held that, in order to show a well-founded fear of persecution, a petitioner need not prove that it is "more likely than not" that he will be persecuted in his country. *Cardoza-Fonseca*, 107 S. Ct. at 1213. The Supreme Court noted that "Congress did not intend to restrict eligibility

6

for [asylum only] to those who could prove that it is more likely than not that they will be persecuted if deported." *Id.* at 1222.

To qualify for withholding of removal under the INA, an alien must show that if he returned to his country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Mendoza*, 327 F.3d at 1287. Generally, when an alien fails to meet the "well-founded fear" standard for establishing asylum eligibility, the alien cannot establish the higher burden for withholding of removal. *Al Najjar*, 257 F.3d at 1292-93.

Avila-Reyes relied on the following to establish past persecution in Venezuela: (1) threats to him and his son; (2) an attempted attack on his son; (3) his office being vandalized; (4) an attack on him; and (5) the murder of a political activist. Substantial evidence supports the BIA's and IJ's conclusion that Avila-Reyes failed to meet his burden of proof for asylum from Venezuela. First, verbal harassment and intimidation do not rise to the level of persecution. *See Sepulveda*, 401 F.3d at 1231. Although the evidence may permit a conclusion that the 2002 attack on him was directed on account of his political activity, it does not compel such a conclusion sufficient to overturn the IJ's and BIA's decisions, as his

7

assailants were never identified. *See id.* Additionally, there was no evidence connecting the political opinions of Avila-Reyes and Quidigwa (an acquaintance who was murdered allegedly for his political activities), as Avila-Reyes admitted that he was not a political "activist," and the record does not indicate that Quidigwa was a member of the Democratic Action Party.

Additionally, even if Avila-Reyes subjectively feared returning to Venezuela, his fear was not objectively reasonable based on the record evidence because he did not show a "good reason to fear future persecution." *See Sepulveda*, 401 F.3d at 1232; *Al Najjar*, 257 F.3d at 1289. Avila-Reyes returned to Venezuela from the United States in 2001 after receiving threatening telephone calls and his son being almost attacked. Nothing in the record indicates the Bolivarian Circles knew, or had any interest in, his political beliefs, except Avila-Reyes's own speculation. Thus, the evidence does not compel the finding that Avila-Reyes suffered past persecution on account of his political opinion or had a well-founded fear of future persecution.

As to Avila-Reyes's argument the IJ violated *Cardoza-Fonseca* by applying a heightened standard in reviewing his asylum application, the record does not support that the BIA or IJ applied an incorrect standard in adjudicating Avila-Reyes's claim. Finally, because Avila-Reyes failed to establish past persecution or a well-founded fear of persecution on account of political opinion or any other

protected grounds to support his asylum claim, there are no grounds for reversing the determination that he is not entitled to withholding of removal under the INA. *See Al Najjar*, 257 F.3d at 1292-93.

Accordingly, we deny Avila-Reyes's petition for review.

**PETITION DENIED.**